IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:18-MJ-677 (TWD) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAMION ANDERSON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OFFER OF PROOF**

In anticipation of the defendant's scheduled plea hearing, the United States submits this Offer of Proof to provide the Court with and advise the defendant concerning the potential maximum penalties, a non-exhaustive list of adverse consequences that may flow from conviction, the elements of the offense, and a factual basis for the defendant's guilty plea.  **The government respectfully requests that the Court ask the defendant to acknowledge the accuracy of the factual basis or to state with specificity disagreement with any of the facts described in it.**

**1)** **Potential Maximum Penalties:** The Court can impose the following maximum penalties for the offense to which the defendant is pleading guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

  a) **Maximum term of imprisonment:** 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

  b) **Maximum fine:** $1,000,000, pursuant to 21 U.S.C. § 841(b)(1)(C).

  c) **Supervised release term:** In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 3 years and life, to begin after imprisonment.  *See* 21 U.S.C. § 841(b)(1)(C).  A violation of the conditions

    of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 2 years.

  d) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

**2)** **Other Adverse Consequences:**

  a) Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

  b) If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship. If the defendant is a naturalized citizen, such conviction may result in denaturalization, followed by deportation or removal from the United States. Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud. Removal and other immigration consequences are the subject of a separate proceeding. No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

    c) A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

**3)** **Elements of Offense:**

    a) First, that two or more persons conspired to knowingly or intentionally distribute or possess with intent to distribute a controlled substance (as described in Count 1 of the information);

    b) Second, that the defendant joined the conspiracy, either at its inception or sometime during its existence, knowing the purpose of the conspiracy and intending to help it succeed; and

    c) Third, that as to the defendant, the conspiracy involved the distribution or possession with intent to distribute cocaine base, a Schedule II controlled substance.

**4)** **Factual Basis for Guilty Plea:**

    a. On November 8, 2018, in Syracuse, New York, in the Northern District of New York, an individual known to law enforcement approached the defendant and asked about buying drugs. The defendant told the individual to come back in approximately ten minutes. During the interim, the defendant was observed by law enforcement officers meeting with an individual subsequently identified as DeAndre Peterson.[1] During that meeting, Peterson handed the defendant a total of less than 2.8 net grams cocaine base (crack cocaine) in individual plastic baggies to sell to the individual who had asked the defendant about purchasing drugs.

---

[1] DeAndre Peterson has been charged by criminal complaint with conspiracy to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 846. *See* 5:18-mj-00677-TWD, Dkt. No. 1.

b. A few minutes after meeting with Peterson, the defendant met up again with the first individual and sold that individual cocaine base in two plastic baggies in exchange for $70.00 in cash.

Respectfully submitted,

GRANT C. JAQUITH
United States Attorney

/s/ Michael F. Perry

| | |
|---|---|
| Michael F. Perry | 3/18/2019 |
| Assistant United States Attorney | Date |
| Bar Roll No. 518952 | |